No. 24,742.

GEORGE GAUGHENBAUGH, *Appellant*, v. W. O. COERBER, PETER BOLLINGER et al., *Appellees.*

### SYLLABUS BY THE COURT.

SPECIFIC PERFORMANCE—*Contract for Exchange of Real Estate—Innocent Purchaser in Good Faith for Valuable Consideration After Contract Was Made.* In a suit for the specific performance of a contract for the exchange of real estate against one who, after the contract was made, purchased the real property which, by the contract, was to be conveyed to plaintiff, the judgment of the trial court, based upon substantial evidence that defendant purchased the real property in good faith for a valuable consideration without actual notice or knowledge of any claim which the plaintiff might have had to any interest or estate in or lien upon the real property, will not be disturbed on appeal.

Appeal from Kearny district court; CHARLES E. VANCE, judge. Opinion filed October 6, 1923. Affirmed.

*H. O. Trinkle,* of Garden City, and *H. M. Uttley,* of O'Neill, Neb., for the appellant.

*R. W. Hoskinson,* and *Robert S. Field,* both of Garden City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is a suit for the specific performance of a contract for the exchange of real estate. Trial was to the court, with judgment for defendant and plaintiff has appealed.

In January, 1921, George Gaughenbaugh and W. O. Coerber entered into a written contract by the terms of which Coerber agreed to convey certain real estate situated in Kearny county, Kansas, to George Gaughenbaugh in exchange for flour mill, elevator and coal sheds situated in O'Neill, Neb. There was some delay in closing the transaction. In this appeal it is not necessary for us to consider whose fault that was. In March, 1921, Coerber conveyed the Kearny county real estate to Peter Bollinger. Thereafter Gaughenbaugh brought this suit against Coerber and Bollinger for the specific performance of the contract between him and Coerber, and alleged that Bollinger knew of plaintiff's contract and of his interest in the land at the time it was conveyed to him, and that he was not a purchaser in good faith. Coerber answered, admitting the contract made in January with the plain-

tiff, and admitting his conveyance of the land to Bollinger, whom he averred was in possession and the owner thereof, denied his fault in carrying out the contract with plaintiff, and prayed damages against plaintiff. Bollinger filed a separate answer, admitting the conveyance of the Kearny county land to him by Coerber in March, 1921, and alleged that he had purchased it in good faith, without actual notice or knowledge of any contract between plaintiff and Coerber, and that he was in possession of the land, and prayed that his title thereto be quieted. The trial from which this appeal was taken was upon the issues joined as between the plaintiff and the defendant Bollinger. After hearing the evidence the court made a special finding that Bollinger was an actual purchaser of the Kearny county real property in March, 1921, in good faith and for a valuable consideration, and that at that time he had no actual notice or knowledge of any claim plaintiff, Gaughenbaugh, might have had to any interest or estate in or lien upon the real property, and rendered judgment for defendant Bollinger. The plaintiff, as appellant, complains of these findings and the judgment of the court. It would serve no useful purpose to give a synopsis of the evidence. The most favorable view for appellant that may be taken of the evidence is to say that it was conflicting. There was substantial evidence to sustain the findings and judgment of the court and in this situation we cannot disturb the judgment. There are no new questions of law in the case and the judgment of the court below is affirmed.